Keith J. Rosenblatt (N.J. Bar No. 016631997)
Michael T. Grosso (N.J. Bar No. 033922004)
Rachel A. Seaton (N.J. Bar No. 021842011)
**LITTLER MENDELSON, P.C.**
One Newark Center, 8th Floor
Newark, New Jersey  07102
973.848.4700
Attorneys for Defendants
Santander Bank, N.A., Nadia Joseph
and Kristen Rimek

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRYSTAL SANCHEZ,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SANTANDER BANK, N.A., a subsidiary of Santander Holdings, USA, Inc.; GHOUS AGHA; NADIA JOSEPH; KRISTEN RIMEK; JOHN & JANE DOE 1-10; XYZ CORPORATION (1-10)<br><br>　　　　　Defendants. | Civil Action No. 3:17-CV-05775-PGS-DEA<br><br><br>**ORDER** |

**THIS MATTER** having come before the Court on the application of Littler Mendelson, P.C., attorneys for defendants Santander Bank, N.A., Nadia Joseph and Kristen Rimek (collectively "defendants"), on notice to plaintiff Crystal Sanchez ("plaintiff"), on Motion to Seal Pages 89, 101, 102, 105, 107 and 148 of Exhibit H to the Declaration of Peter D. Valenzano, Esq. [ECF Dkt. No. 19-~~2~~ -15], all of which were submitted in support of Plaintiff's Opposition Brief to Defendants' Motion to Dismiss the Class and Collective Action Allegations in the First, Second and Third Counts of the First Amended Complaint, and the Court having considered the submissions in support thereof and in opposition to the requested relief, and for good cause shown;

IT IS on this  5th  day of    January    , 201~~7~~ 8, **ORDERED** as follows:

**THE COURT MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

1. The Court entered a Discovery Confidentiality Order on November 3, 2017.

2. Pages 89, 101, 102, 105, 107 and 148 of Exhibit H (the Charity Lembo deposition) to the Declaration of Peter D. Valenzano, Esq. [ECF Dkt. No. 19-2] contain proprietary and confidential information pertaining to the Bank's security, including information concerning the staffing levels at the Bank, frequency and scheduling of surprise teller audits and other branch audits as well as the contents of these audits.

3. Legitimate public and private interests warrant confidentiality of the deposition pages. Specifically, Santander has a business interest in protecting information relating to its operations, because dissemination of such material could put Santander at risk of compromising the security of its business operations as well as it employees and customers. The public likewise has an interest in ensuring the safety of Santander's customers and employees.

4. Should the deposition pages not be sealed, clearly defined and serious injury would result in that Santander's security could be diminished, it could lose depositors and other customers, and individuals' security interests could be compromised.

5. A less restrictive alternative to the relief sought is not available as there is no way to ensure security of the Bank and its employees and customers once the information on the deposition pages is disclosed.

6. There is no prior sealing order pertaining to this matter.

7. No party has objected to the sealing of these documents.

-15-

Accordingly, it is **HEREBY ORDERED** that Defendant's Motion to Seal is **GRANTED**;

**ORDERED** that Pages 89, 101, 102, 105, 107 and 148 of Exhibit H (the Charity Lembo deposition) to the Declaration of Peter D. Valenzano, Esq. [ECF Dkt. No. 19-~~2~~-15] are hereby sealed pursuant to Loc. Civ. R. 5.3, and it is further*

*s/Douglas E. Arpert*
Hon. Douglas E. Arpert, U.S.M.J.

Firmwide:151324144.1 053624.1062

*ORDERED that the Clerk seal ECF No. 19-15 (Exhibit H); and it is further

ORDERED that Defendant is to file a redacted copy of Exhibit H within 14 days of the date of this Order.

—terminates ECF No. 31.