UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CRYSTAL SANCHEZ<br><br>*Plaintiff,*<br><br>v.<br><br>SANTANDER BANK, N.A., *et al.*,<br><br>*Defendants.* | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No:<br>17-cv-5775 (PGS)(DEA)<br><br>MEMORANDUM AND<br>ORDER |

This matter comes before the Court on Defendants Santander Bank, N.A., Nadia Joseph, and Kristen Rimek's Motion to Dismiss the class and collective action allegations made in Plaintiff Crystal Sanchez's Second Amended Complaint (ECF No. 13).[1] For the reasons discussed herein, Defendants' motion is denied.

## BACKGROUND

In this putative collective and class action, Plaintiff alleges that Santander engaged in various intimidating and coercive tactics aimed to dissuade similarly situated employees from reporting overtime hours worked, contrary to the Fair Labor Standards Act (FLSA) and New Jersey Wage and Hour Law (NJWHL).

In July 2014, Plaintiff was hired by Santander, at its South Amboy, New Jersey office, and was later promoted to full-time in September 2014. (Second Amended Complaint ["SAC"] at ¶ 10; ECF No. 30). Defendant Santander is a corporation that provides banking products and services. (*Id.* at ¶¶ 13-14). At all relevant times, Defendant Santander was Plaintiff's "employer"

---

[1] Although the present motion seeks dismissal of Plaintiff's First Amended Complaint, Plaintiff submitted a Second Amended Complaint, which the Court ordered would be reviewed with the present motion. (ECF No. 35).

1

and was engaged in "interstate commerce" as defined in the FLSA. (*Id.* at ¶ 15). In February 2016, Santander promoted Plaintiff to Branch Operations Manager (BOM), which according to the complaint, is a non-exempt position under the FLSA, since they do not perform managerial responsibilities or exercise meaningful independent judgment. (*Id.* at ¶¶ 11, 21-22). Instead, BOMs perform primarily non-managerial tasks, such as processing customer transactions; counting and balancing the cash vault; and placing work orders, just to name a few. (*Id.* at ¶ 17).

However, despite being labeled non-exempt, Plaintiff claims that Santander prohibited BOMs from reporting overtime hours and would discipline those who did. As such, many BOMs worked considerable hours, off the clock, for which they received no compensation. Shortly after being promoted, Plaintiff attended mandatory BOM training, wherein other New York and New Jersey BOMs complained to Santander about its policies and procedures relating to BOMs and the fact that many were required to work overtime hours, without receiving compensation. (*Id.* at ¶¶ 50-51).

Plaintiff also claims Santander issued a series of performance-based policies that affected BOM compensation, contrary to FLSA standards. For example, Santander had a "Scorecard Policy," which penalized or reduced BOMs' compensation whenever they worked over 40 hours per week; similarly, under Santander's "Cross Selling Policy," BOMs would see a reduction in compensation if they did not meet certain goals. (*Id.* at ¶¶ 57, 71). Santander's "Feet on the Street Policy" required BOMs to leave the branch's premises to promote Santander's products with local business during their lunch breaks or after their shift. (*Id.* at ¶ 72). Under Santander's "Jump Start Meetings Policy," BOMs were required to attend 8:30 a.m. meetings before the branch opened to discuss the agenda for the day. (*Id.* at ¶¶ 74). In addition, Santander also required BOMs to participate in a weekly 8:00 a.m. conference call, and a separate weekly Operations. (*Id.* at ¶¶ 76,

78, 82). Lastly, Santander required BOMs to act as Vault Custodian, which required them to be present at the branch before it opened and after it closed, and to assist tellers with closing their teller box after the branch closed each day. (*Id.* at ¶¶ 80, 84).

Given their extensive responsibilities, Plaintiff requested that more employees be hired to handle daily operations, so that BOMs would not work as many unreported hours. (*Id.* at ¶¶ 59-60, 62). According to Plaintiff, she "felt compelled to work 10-12 hours per week off the clock, i.e., uncompensated, so that the branch would be able to effectively serve its customers" because, with just two other employees (one part-time) who could perform the duties of a teller, it was not possible for her to operate the branch and avoid working overtime. (*Id.* at ¶¶ 59, 61). Plaintiff "repeatedly complained" to Regional Operations Manager Sharon Stone and Defendant Branch Manager Rimek about working off the clock, and not being allowed to report overtime hours worked. (*Id.* at ¶ 62). Plaintiff asserts that Santander branch and corporate level management encouraged BOMs not to record and submit accurate timecards reflecting the actual hours worked, and such management had actual or constructive notice and knowledge that this practice was not in compliance with the FLSA and NJWHL, and they failed to take remedial action to ensure compliance with the FLSA and NJWHL. (*Id.* at ¶¶ 91-92(a)).

Based on Santander's failure to pay overtime, Plaintiff brings this present cause of action on behalf of herself and similarly situated employees in New Jersey, alleging: (1)Violation of the FLSA, 29 U.S.C. §201, *et seq.* (Count I); (2) Violations of New Jersey Wage and Hour Law, N.J.S.A. §34:11-56.1, *et seq.* (Counts II and III); (3) Violation of the New Jersey Wage Payment Law, N.J.S.A. §34:11-4.2 (Count IV); and (4) Common law unjust enrichment (Count V). Defendants seek dismissal of these claims pursuant to Federal Rule of Civil Procedure 12(b)(6), since Plaintiff fails to plead sufficient facts to maintain a class or collective action.

## LEGAL STANDARD

On a motion to dismiss for failure to state a claim pursuant to Federal Rule Civil Procedure 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 678-79; *see also Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir. 2000).

## DISCUSSION

The present matter does not come before the Court on Plaintiff's motion to certify the class; rather, it is Defendants' motion to dismiss or, alternatively, strike the collective and class action allegations alleged in her Second Amended Complaint. Rather than focus on the underlying claims under each count, both parties' briefs focus principally on whether Plaintiff can maintain a class action under Federal Rule of Civil Procedure 23. Defendants contend that dismissal is warranted, since Plaintiff's Complaint fails to adequately plead facts capable of satisfying the class action

requirements under Federal Rule of Civil Procedure 23.[2] Plaintiff argues that such a motion is premature.

Where a party seeks dismissal of a plaintiff's class allegations as unsustainable under Federal Rule of Civil Procedure 23, "the court must accept as true all factual allegations in the complaint and view all reasonable inferences in the light most favorable to Plaintiffs." *Andrews v. Home Depot U.S.A., Inc.*, No. 03-5200, 2005 U.S. Dist. LEXIS 44304 at *7 (D.N.J. June 20, 2005); *see also Morano v. BMW of N. AM., LLC*, 928 F. Supp. 2d 826, 839 (D.N.J. 2013). However, such a motion should only be granted in "in those rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 205 n.3 (D.N.J. 2003). Instead, "the better course is to deny such a motion because 'the shape and form of a class action evolves only through the process of discovery.'" *Myers v. MedQuist, Inc.*, No. 05-4608, 2006 U.S. Dist. LEXIS 91904, at *16 (D.N.J. Dec. 20, 2006) (citing *Gutierrez v. Johnson & Johnson, Inc.*, No. 01-5302, 2002 U.S. Dist. LEXIS 15418, at *16 (D.N.J. Aug. 12, 2002)).

At this stage of litigation, the Court finds Defendants' motion premature and, therefore, dismissal inappropriate. When viewing the Complaint the light most favorable to Plaintiff, it is pled with sufficient facts to support a plausible claim for class certification. In her Complaint, Plaintiff describes the role of BOMs and claims that these BOMs were coerced into not reporting overtime hours, despite being entitled to overtime pay as non-exempt managers. As such, since

---

[2] It is worth noting that a collective action under the FLSA is procedurally distinct from class certification under Federal Rule of Civil Procedure 23. *See Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530 (2013); *Pearsall-Dineen v. Freedom Mortg. Corp.*, 27 F. Supp. 2d 567, 570 (D.N.J. 2014). However, since the present motion is deemed premature, the Court need not analyze Plaintiff's cause of action under each.

the Complaint sufficiently pleads a claim for class certification, based on violations under the FLSA and NJWHL, Defendant's motion to dismiss class allegations is premature.

**ORDER**

IT IS on this _6_ day of _March_, 2018,

**ORDERED** that Defendants' motion to dismiss (ECF 13) is DENIED.

_____
PETER G. SHERIDAN, U.S.D.J.