# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRYSTAL SANCHEZ, | |
| Plaintiff, | Civil Action No. 17-5775 (PGS)(DEA) |
| v. | **MEMORANDUM AND ORDER** |
| SANTANDER BANK, N.A., et al. | |
| Defendants. | |

This matter was the subject of a status conference with counsel on July 27, 2018. During the conference, defense counsel made informal applications to limit (1) the number of Branch Operations Managers ("BOMs") that Plaintiff's counsel would be permitted to contact at the current, pre-certification stage of discovery; and (2) the means by which Plaintiff's counsel would be permitted to contact the BOMs. As no agreement on these issues could be reached, the Court permitted the parties to submit their respective positions and supporting legal authority to the Court, in writing, by August 10, 2018. Both sides have done so. See ECF Nos. 49, 50.

Plaintiff Crystal Sanchez worked at Defendant Santander Bank N.A.'s ("Santander") Sayerville, New Jersey branch as a BOM for six months in 2016. Plaintiff alleges that during her employment she and other Santander BOMs nationwide were required to work overtime hours, off the clock, without compensation. During the relevant statutory period, Santander employed approximately 1,100 BOMs in 640 – 760 branches across nine states.

Pursuant to this Court's June 28, 2018 Order, Santander has produced contact information for 1,093 of its BOMs. Plaintiff's counsel seeks unrestricted access to all such

BOMs. Defendants contend that Plaintiff's request is not supported by the evidence adduced thus far in this case or by the provisions of Federal Rule of Civil Procedure 26 concerning the permissible scope of discovery. Rather, Defendants suggest, the Court should either limit Plaintiff's contact to those BOMs with whom she worked in the Sayreville branch or to a sampling of BOMs who worked in the same district or region.

In addition, Defendants initially maintained that Plaintiff's counsel should be prevented from contacting the BOMs by means (*e.g.*, telephone or email) other than a Court approved letter. Defendants have since modified their objection if certain conditions are imposed on counsel with respect to such contacts.

Plaintiff argues (1) there is no basis to limit the scope or means of her communication with the entire putative class of BOMs; (2) the BOMs possess information that is relevant and not privileged, and (3) no undue burden is imposed on Defendants by Plaintiff's proposal. The Court agrees with Plaintiff and finds the recent decision in *Thompson v. Real Estate Mortg. Network, Inc.*, No. 11-1494, 2017 WL 1157859 (D.N.J. Mar. 28, 2017) to be instructive. In *Thompson*, a putative collective action, the plaintiff was a former underwriter who alleged that the defendant mortgage companies failed to compensate her for overtime work. At issue in *Thompson* was whether the defendants were required to turn over contact information regarding potential opt-ins in advance of conditional certification of the putative class. Magistrate Judge Hammer, whose decision is affirmed in the above-cited opinion, ruled that they must provide the contact information, noting that the information "easily fits within the ambit of discovery under Rule 26" because the court "will eventually have to decide 'whether all the employees worked in the same department and location[,]' 'whether their claims are similar[,]' and 'whether the relief that they seek is similar.'" *Id.* at *1.

Importantly, Judge Hammer expressly noted that this information would "enable the plaintiff to identify these individuals so that they may interview them to determine whether or not similarly situated … employees exist." *Thompson*, Civ. Action No. 11-1494, Hearing Tr. at ECF No. 161 (quoting *Stillman v. Staples, Inc.*, No. 07-849, 2007 WL 7261450, at *1 (D.N.J. July 30, 2007)). Likewise, in the present case, Plaintiff should have the opportunity to determine whether there are other employees similarly situated to Plaintiff. Plaintiff is already in possession of the contact information for potential opt-ins, and the Court sees no basis to prevent Plaintiff from investigating whether or not these employees are similarly situated to Plaintiff by limiting the scope or means of communication. Consequently,

**IT IS** on this 22nd day of October 2018,

**ORDERED** that Defendants' application for an Order limiting Plaintiff's contact with Santander's BOMs is DENIED.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge