Christina Tellado (N.J. Bar No. 401052006)
Valerie E. Brown (N.J. Bar No. 27152010)
Deisy Castro (*Pro Hac Vice*)
**HOLLAND & KNIGHT LLP**
Cira Centre
2929 Arch Street, Suite 800
Philadelphia, PA 19104
*Attorneys for Defendants*
*Santander Bank, N.A., Nadia Joseph,*
*and Kristen Rimek*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRYSTAL SANCHEZ, on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br><br>vs.<br><br>SANTANDER BANK, N.A., a subsidiary of Santander Holdings, USA, Inc.; GHOUS AGHA; NADIA JOSEPH; KRISTEN RIMEK; JOHN & JANE DOE 1-10; XYZ CORPORATION (1-10),<br><br>     Defendants. | Civil Action No. 3:17-CV-05775-PGS-DEA<br><br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE THE UNTIMELY FILED CONSENT FORMS** |

# TABLE OF CONTENTS

PAGE

I.    INTRODUCTION ........................................................................- 1 -

II.    ARGUMENT ...............................................................................- 2 -

    A.    Plaintiff Fails To Provide Any Evidence That The Untimely Opt-in Consent Forms Were Timely Returned ..................................- 2 -

    B.    Plaintiff Fails to Establish "Good Cause" or "Excusable Neglect".......- 4 -

    C.    Defendants Will Be Prejudiced By The Acceptance of the Untimely Filed Opt-In Consent Forms..........................................................- 8 -

III.    CONCLUSION ...........................................................................- 10 -

i

TABLE OF AUTHORITIES

PAGE

**Cases**

*Anello Fence, LLC v. Vca Sons, Inc.*,
  2016 WL 354746 (D.N.J. Jan. 27, 2016) .................................................................5

*Camesi v. Univ. of Pittsburgh Med. Ctr.*,
  2009 WL 4573287 (W.D. Pa. Dec. 1, 2009)............................................................5

*Camp v. Progressive Corp.*,
  2003 WL 21805039 (E.D. La. Aug. 5, 2003) ..........................................................7

*Evans v. Lowe's Home Centers, Inc.*,
  2005 WL 6742284 (M.D. Pa. Mar. 3, 2005)............................................................3

*In re Food Lion*,
  1998 WL 322682 (4th Cir. June 4, 1988) ................................................................6

*Mack v. RMLS-HOP Restaurants PA, L.P.*,
  2020 WL 6551219 (M.D. Pa. Nov. 6, 2020) ...........................................................9

*Martin v. Citizens Fin. Group, Inc.*,
  2011 U.S. Dist. LEXIS 153739 (E.D. Pa. June 23, 2011) .......................................4

*Moya v. Pilgrim's Price Corp.*,
  2006 WL 3486739 (E.D. Pa. Nov. 30, 2006) ..........................................................6

*Potoski v. Wyoming Health Care System*,
  2014 WL 12883904 (M.D. Pa. July 17, 2014)......................................................5, 7

*Potoski v. Wyoming Valley Health Care Sys.*,
  2017 WL 11047059 (M.D. Pa. Nov. 17, 2017) ......................................................10

*Thompson v. Peak Energy Service USA, Inc.*,
  2014 WL 789087 (W.D. Pa. Feb. 26, 2014) ............................................................8

*Vivone v. Acme Markets, Inc.*,
  687 F. Supp. 168 (E.D. Pa. 1988) ...........................................................................9

**Other Authorities**

Federal Rule of Civil Procedure 12(f) ..........................................................................5

Federal Rule of Civil Procedure 6 ................................................................................2

## I.      INTRODUCTION

Plaintiff Crystal Sanchez's ("Plaintiff" or "Sanchez") Response in Opposition (the "Opposition") to Defendants' Motion to Strike the Untimely Filed Consent Forms (the "Motion") fails to provide this Court with any basis, let alone any competent evidence, that the 34 late-filed opt-in plaintiffs had good cause to file their consent forms after the unquestionable opt-in deadline.  Plaintiff argues that, because the Court did not specifically identify a filing deadline, as opposed to a "deadline to respond," no such deadline exists.  In short, Plaintiff relies on nothing more than semantics to support her position.  This Court should reject such an argument because it would render the opt-in deadline, as printed on the Notice to the potential opt-in plaintiffs, to be unnecessary and immaterial.

Even if the Court accepted Plaintiff's illogical position that the only applicable deadline is the date on which the consent forms were to be returned, either by mail or electronic submission, Plaintiff presented no argument or evidence whatsoever to demonstrate that the untimely consent forms were either postmarked or electronically submitted on or before the opt-in deadline.  Rather than produce any postmarked envelopes or other documentary evidence that might be used to determine the timeliness of the consent forms, Plaintiff is essentially asking the Court to assume such timeliness based on generalized and unsubstantiated statements, such as hypothetical "snail mail" delays.  Plaintiff's failure to include

any competent evidence prevents the Court from assessing and determining whether the late-filed consent forms could possibly satisfy the "excusable neglect" or "good cause" standard.

Accordingly, Defendants respectfully request that the Court strike the 42 untimely consents forms.  (*See* D.E. 166, 167, 172)  Defendants further request that the 34[1] unique putative opt-in plaintiffs whose consent forms were not timely filed should not be permitted to participate as party plaintiffs in this action.

## II.   ARGUMENT

### A.   <u>Plaintiff Fails To Provide Any Evidence That The Untimely Opt-in Consent Forms Were Timely Returned</u>

In opposing Defendants' Motion, Plaintiff repeatedly states that the "Notice of Collective Action" ("Notice"), which was mailed to the putative opt-in plaintiffs on April 29, 2020, merely sets out a deadline by which the consent form is to be "postmarked" or "returned."  (Opposition ("Opp."), D.E. 196, at 1-2, 5-6)  Plaintiff further contends that the 34 untimely opt-in plaintiffs at issue all returned their consent forms, through the mail or electronically, on or before the June 29, 2020[2]

---

[1]    Three unique, but untimely, opt-in plaintiffs each filed two untimely duplicate consent forms on June 30, 2020, while five of the untimely consent forms filed on June 30, 2020 were filed on behalf of opt-in plaintiffs who had filed consent forms prior to the close of the opt-in period.  (Motion ("Mot."), D.E. 187-1, at 3, n. 5).

[2]    Plaintiff appears to argue that June 29, 2020 is the proper opt-in deadline pursuant to Rule 6 of the Federal Rules of Civil Procedure, although not actually

deadline, which Plaintiff presents as undisputed and unchallenged by Defendants. (*See id.* at 2)  Plaintiff is incorrect.

Defendant's Motion explicitly identified Plaintiff's lack of evidence demonstrating that the untimely-filed consent forms were indeed postmarked or returned before the stated deadline.  (Mot., D.E. 187-1, at 6 ("Counsel for Plaintiff has failed to produce any evidence (e.g., postmarked envelopes) showing that the untimely filed opt-in consent forms were in fact "returned" to their office, as required by the Notice, prior to the expiration of the opt-in period deadline.").  Yet, in response, Plaintiff admits to failing to provide such evidence and repeatedly offers nothing more than unsubstantiated and conclusory statements.  (Opp., D.E. 196, at 8 ("[T]he only evidence before the Court concerning when these forms were fil[ed] and submitted are the dates provided by the opt-in plaintiffs, all of whom certified with their signatures that the forms were completed prior to the deadline.")).   Given that the Notice requires timely return of the consent forms, the failure to do so is sufficient basis to strike the opt-in plaintiffs.  *See Evans v. Lowe's Home Centers, Inc.*, 2005 WL 6742284, at *1-2 (M.D. Pa. Mar. 3, 2005)

---

cited by Plaintiff.  (Opp., D.E. 196, at p. 2, n. 1)  Defendants disagree that the deadline should be continued to Monday, rather than Sunday, June 28, 2020, given that the Notice provided electronic and other means of submitting the consent forms, and, most significantly, Plaintiff made the decision to send out the Notice on Wednesday, April 29, 2020, instead of waiting until the following day.  (*See* D.E. 187-3, 187-4)

(striking 10 opt-in consent forms that were signed before the end of the opt-in period but where the opt-in plaintiffs "simply did not mail their Notices of Consent in a timely fashion," reasoning that "they are not qualified as Plaintiffs"); *see also Martin v. Citizens Fin. Group, Inc.*, 2011 U.S. Dist. LEXIS 153739, at *4 (E.D. Pa. June 23, 2011) ("We will not, however, accept the opt-in forms of the remaining individuals, as they have failed to offer a reasonable excuse for their untimely submissions.").

While Plaintiff could have filed supporting documentary evidence, she chose not to do so.  Without such evidence, Plaintiff is asking this Court to assume compliance based on the signing date alone, which is insufficient.  As Plaintiff's Opposition repeatedly stated, the language of the Notice explicitly required that the consent forms be postmarked and returned by the opt-in period deadline.  By failing to respond to Defendant's Motion with such documentary evidence of compliance, Plaintiff has waived the opportunity to do so.

### B.  <u>Plaintiff Fails to Establish "Good Cause" or "Excusable Neglect"</u>

Plaintiff argues that the opt-in deadline is the deadline for returning the consent forms, rather than the deadline to file.  Yet, as noted above, Plaintiff has offered no evidence that the consent forms for the 34 unique opt-in plaintiffs were timely delivered.  Further, Plaintiff illogically concludes that absent an explicit filing deadline, there is no filing deadline and the opt-in period is still open.  (Opp.,

D.E. 196, at 10-11)  Plaintiff then, in an apparent contradiction, states that absent an explicit filing deadline, only reasonableness is required.  (*Id.* at 5).  Plaintiff is not only incorrect, but the Plaintiff's position would invariably render the opt-in deadline illusory.

Rather, under these circumstances, courts in the Third Circuit generally apply an "excusable neglect" or "good cause" standard.[3]  *See, e.g., Potoski v. Wyoming Health Care System,* 2014 WL 12883904, at 2 (M.D. Pa. July 17, 2014) (applying a "good cause" standard to consent forms filed after the Court-approved "notice period," although "the Court's Notice did not … specify a date before which Class Counsel was required to file the written [c]onsents with the Court") (citing *Manning v. Gold Belt Falcon, LLC*, 814 F. Supp. 2d 451, 454 (D.N.J. 2011)); *Camesi v. Univ. of Pittsburgh Med. Ctr.,* 2009 WL 4573287, at *2 (W.D. Pa. Dec. 1, 2009) (citing *DaSilva v. Esmor Corr. Servs., Inc.*, 167 F. App'x 303, 307-308 (3d Cir. 2006)).  Yet, Plaintiff offers no "good cause" upon which the Court might decide whether to accept such late-filed consent forms.  Plaintiff's failure to offer any evidence showing when the opt-in consent forms were returned

---

[3]     Plaintiff incorrectly references a "high burden" that Defendants' Motion must allegedly meet in order to prevail.  (Opp., D.E. 196, at 1)  Plaintiff mischaracterizes the cited authority, which addressed a motion to strike allegations from a pleading pursuant to Federal Rule of Civil Procedure 12(f) and thus is inapplicable to this Motion.  *See Anello Fence, LLC v. Vca Sons, Inc.,* 2016 WL 354746, at *2-3, 7 (D.N.J. Jan. 27, 2016).

or postmarked, or even explaining the reason(s) why there was a delay between the time they were received and then filed, makes it impossible to conclude that these untimely opt-in plaintiffs satisfy the good cause or excusable neglect standard.

Again, Plaintiff merely presents unsubstantiated or hypothetical reasons for delay, but does not actually explain why, for instance, many of the untimely filed consent forms have signatures dated over 30 days prior to the date they were filed, which was after the close of the opt-in period.  For instance, the opt-in consent form of Sheila Jones was filed on July 8, 2020, which was 68 days after it was signed.  (D.E. 167-3)  Rather than submit documentary evidence regarding purported postal service delays, or even identify which untimely opt-in consent forms, if any, were affected by such delays, Plaintiff merely presents such *possible* delays as the basis for necessitating additional time between the consent form return and filing deadlines.  (Opp., D.E. 196, at 7 ("This problem would further be exacerbated for mailed forms, which could be properly postmarked and sent prior to the close of the opt-in period but received days or weeks after the opt-in period closed.").  Plaintiff's failure to present any argument or evidence explaining the delay ultimately preclude the Court from being able to provide an individualized "good cause" analysis. *See Moya v. Pilgrim's Price Corp.*, 2006 WL 3486739, at *1 (E.D. Pa. Nov. 30, 2006); *see also, In re Food Lion*, 1998 WL 322682, at *10 (4th Cir. June 4, 1988) (analyzing individual reasons offered by untimely opt-in

plaintiffs); *Camp v. Progressive Corp.*, 2003 WL 21805039, at *2 (E.D. La. Aug. 5, 2003) (examining reasons for delay offered by different potential opt-in plaintiffs and distinguishing among them).

Plaintiff repeatedly argues that untimely opt-in plaintiffs signed the consent forms before the opt-in deadline.  But that alone is insufficient to support excusable neglect.  Plaintiff appears to mistakenly believes that this fact by itself satisfies the obligation to show "good cause."  As such, Plaintiff is asking the Court to infer, without any supporting evidence, that if the consent form is dated before the opt-in deadline, then it can be filed any time after the opt-in period closes without consideration of the amount of time from when the consent form was returned to when it was filed with the Court.   Plaintiff is again incorrect.  For instance, in *Potoski v. Wyoming Valley Health Care System*, the Court granted defendants' motion to strike several opt-in consent forms that were filed after the opt-in period ended, but had been signed and dated before the end of the opt-in period, because the Court found plaintiffs' proffered reasons for the delay, between when the forms were completed and when they were returned to the Court, was insufficient to support a finding of "good cause."  2014 WL 12883904, at *2 (M.D. Pa. July 17, 2014) ("[T]here is also significant gap of time between when their forms were completed and when they were returned to the Court…. Without further substantiation as to the length of time of the delay, the Court finds 'good

cause' has not been shown for the tardiness of these forms."). Here, Plaintiff fails to provide *any* reason, let alone a sufficient reason, to support a finding of good cause.

**C.    Defendants Will Be Prejudiced By The Acceptance of the Untimely Filed Opt-In Consent Forms**

Under the excusable neglect and good cause standards, courts consider a series of equitable factors, which consist of the "danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Thompson v. Peak Energy Service USA, Inc.*, 2014 WL 789087, at *1 (W.D. Pa. Feb. 26, 2014) (internal citations omitted). As explained in detail above, Plaintiff presents little more than hypotheticals and unsubstantiated conclusory statements to support and explain the delayed filing of the opt-in consent forms. As such, Plaintiff also attempts to salvage the late-filed opt-in consent forms by taking the position that the late filings are not prejudicial to Defendants and will promote judicial efficiency. Specifically, Plaintiff argues that Defendants will not be prejudiced because the opt-in period and discovery are still allegedly open, Defendants have served discovery to some of the untimely opt-in plaintiffs, and striking the untimely filed consent forms will lead to increased judicial inefficiency. (Opp., D.E. 196, at 10-13)

First of all, Plaintiff mischaracterizes the opt-in period. Plaintiff's position that additional opt-in consent forms can continue to be filed almost 9 months after the opt-in period closed is inherently prejudicial. *See Vivone v. Acme Markets, Inc.*, 687 F. Supp. 168, 169 (E.D. Pa. 1988) ("unnamed plaintiffs [do not] have an interminable right to opt into … class actions. For example, in the interests of justice, to facilitate trial preparation and settlement discussions, after allowing a fair time for the filing of consents, a court may declare the class closed."). Moreover, even one untimely opt-in plaintiff poses a prejudicial burden, let alone the 34 untimely opt-in plaintiffs at issue. *See Mack v. RMLS-HOP Restaurants PA, L.P.*, 2020 WL 6551219, at *3 (M.D. Pa. Nov. 6, 2020). As such, the prejudice to Defendants is substantial given the sheer number of untimely opt-in plaintiffs, including some whose claims might be otherwise barred by the statute of limitation, such that their inclusion in this action would not only greatly expand the scope of this case, but Defendants' potential liability. Second, Defendants have repeatedly objected to the upcoming second tranche notice, which will be distributed to a different group of putative collective members, and have also preserved their ability to move to strike or dismiss anyone who opts in as part of the second tranche notice. (*See* Joint Status Report, D.E. 190, at 9-11; *see also* Order, D.E. 193, at 2) As such, by pointing to the second tranche notice as evidence of lack of prejudice, Plaintiff mischaracterizes the Parties' positions regarding the second tranche notice, which

Defendants believe will serve to further compound the existing prejudice.  Third, the fact that some of the untimely opt-in plaintiffs were randomly selected to receive discovery requests does not serve to eliminate or cure Defendants' prejudice, particularly because only 3 untimely opt-in plaintiffs  ever responded to the discovery requests, while the remaining 31 have not participated in any discovery. *See Potoski v. Wyoming Valley Health Care Sys.*, 2017 WL 11047059, at *1, n. 1 (M.D. Pa. Nov. 17, 2017) (noting that "Defendants were correct when they stated … that deposing two of twenty-three of the opt-in plaintiffs at issue does not eliminate the prejudice of delay").  Lastly, Plaintiff's arguments in favor of judicial efficiency would require Courts to broadly allow class and collective actions to proceed without consideration of its orders and deadlines based on plaintiffs' intention to re-file should they be dismissed from the action.

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the 42 opt-in consent forms filed after the June 28, 2020 deadline be stricken by this Court.


Respectfully submitted,

Dated:  March 22, 2021              By: */s/ Christina T. Tellado*
                                        Christina T. Tellado
                                        (N.J. Bar No. 401052006)
                                        Valerie Brown
                                        (N.J. Bar No. 027152010)

Deisy Castro (*Pro Hac Vice*)
**HOLLAND & KNIGHT, LLP**
Cira Centre
2929 Arch Street, Suite 800
Philadelphia, PA 19104
Tel: (215) 252-9600
Fax: (215) 867-6070
Christina.Tellado@hklaw.com
Valerie.Brown@hklaw.com
Deisy.Castro@hklaw.com

*Counsel for Defendants,*
*Santander Bank, N.A.,*
*Nadia Joseph, and Kristen Rimek*

## <u>CERTIFICATE OF SERVICE</u>

I, Christina T. Tellado, hereby certify that on March 22, 2021, a true and correct copy of the foregoing was served via the Court's ECF system on all counsel of record.

Dated: March 22, 2021                    */s/ Christina T. Tellado*
                                          Christina T. Tellado