<u>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY</u>

# As a current or former Branch Operations Manager of Santander Bank, you are eligible to get a payment from a class action settlement.

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- The settlement will provide $4,250,000 to resolve claims against Santander Bank, N.A. ("Santander") that it allegedly permitted and expected its Branch Operations Managers ("BOMs") to work off-the-clock to avoid paying all overtime due under state and federal law.  The settlement resolves all wage and hour claims of BOMs during the Class Period, as defined in this notice.

- The court-appointed lawyers will ask the Court for up to 33 1/3% of the settlement amount as fees for investigating the case, litigating the case, and negotiating the settlement.

- This is a settlement of disputed claims.  Santander denies all allegations and the two sides disagree as to who would win and how much could be won if the case went to trial.

- **<u>Your legal rights will be affected whether you act or do not act.  Read this notice carefully.</u>**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: ||
|---|---|
| **Do Nothing** | No action is required of you to remain in the case.  If the Court grants final approval of the settlement, you will get a payment. |
| **Exclude Yourself** | Receive no payment.  This is the only option that allows you to be part of other lawsuits against Santander for the legal claims made in this case. |
| **Object** | Write to the Court about what you do not like in or about the settlement. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the settlement. |

- These rights and options – and the deadlines to exercise them – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement.  Payments will be made if the Court approves the settlement and after any appeals are resolved.

**QUESTIONS? CALL CLASS COUNSEL OR
VISIT WWW.SANTANDERBANKLAWSUIT.COM**

i
**COURT-AUTHORIZED NOTICE – THIS IS NOT AN ADVERTISEMENT.**

## TABLE OF CONTENTS – WHAT IS IN THIS NOTICE PACKAGE

**Why did I get this Notice Package?** ........................................................................................... 1

**What is this lawsuit about and why did it settle?** ..................................................................... 1

**What does the settlement provide and how much will I be paid?** ...................................... 2

**How can I receive my payment?** ................................................................................................. 3

**What am I giving up as a class member?** .................................................................................. 3

**How do I exclude myself (opt-out) from this settlement?** ..................................................... 3

**Final Approval of settlement at Fairness Hearing** ................................................................. 4

**How do I object to the settlement?** ............................................................................................. 4

**Are there more details about the Settlement? Questions?** .................................................... 4

**Do I have an attorney in this case?** ............................................................................................. 5

**COURT-AUTHORIZED NOTICE – THIS IS NOT AN ADVERTISEMENT.**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CYSTAL SANCHEZ, *et al.*<br><br>    Plaintiffs,<br><br>    v.<br><br>SANTANDER BANK, N.A.,<br><br>    Defendant. | Case No.: 3:17-cv-05775 |

NOTICE OF CLASS AND COLLECTIVE ACTION SETTLEMENT

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

*PLEASE READ THIS NOTICE CAREFULLY.*

### 1.  Why did I get this notice package?

You are receiving this notice because: (1) you previously filed a "consent to join" form with the Court requesting to join the FLSA collective asserted by Branch Operations Managers ("BOMs") against Santander; and/or (2) you worked as a BOM for Santander in New Jersey, Pennsylvania, New York, New Hampshire, Connecticut, Massachusetts, and/or Rhode Island at some point during the "Class Period" ("Class Members"). The "Class Period" is based on the state you worked in and the protections of the state laws that applied to your employment.  Individuals employed by Santander as BOMs in New Jersey or New York at any time from June 29, 2015 to December 31, 2021 are eligible to recover in this lawsuit.  Individuals employed by Santander as BOMs in Massachusetts, Pennsylvania, Connecticut, or New Hampshire at any time from September 8, 2017 to December 31, 2021 are eligible to recover in this lawsuit. Individuals employed by Santander as BOMs in Rhode Island at any time from September 8, 2018 through December 31, 2021 are eligible to recover in this lawsuit.

The above-referenced lawsuit, *Crystal Sanchez, et al. v. Santander Bank, N.A.*., 3:17-cv-05775 (the "Lawsuit"), is pending in the United States District Court for the District of New Jersey in Trenton, New Jersey (the "Federal Court").  You are receiving this Notice because the Federal Court has ordered that it be mailed to you.

The Federal Court has preliminarily approved a settlement ("Settlement") of the Lawsuit.  The Settlement provides for certain current and former BOMs to receive a portion of a four million, two hundred fifty thousand dollar ($4,250,000) fund ("Settlement Fund").  The Federal Court will conduct a hearing ("Fairness Hearing") to determine if the Settlement should be approved.

This Notice describes the Settlement and how you can obtain a monetary recovery from the Settlement.  This Notice also describes how you can exclude yourself from, or object to, the Settlement.

1

## 2.  What is this lawsuit about and why did it settle?

The Lawsuit alleges that Santander violated the federal Fair Labor Standards Act ("FLSA") and numerous state wage and hour laws by permitting, accepting, and/or encouraging its BOMs to work off-the-clock to avoid paying full overtime wages due under applicable law.

Santander fully denies all allegations in the Lawsuit and contests that it violated the law or is liable for damages of any kind.

The Settlement, however, enables the BOMs and Santander to avoid the uncertainty, risks, and time involved in continued litigation.

The employees' attorneys, referred to as "Class Counsel," believe that the Settlement benefits the Class Members.  The Settlement provides a benefit to a large number of present and former BOMs, and enables the Class Members to avoid the risk that Santander could defeat class certification, win the lawsuit, or appeal, in which case Class Members would recover nothing or be subject to a significant delay in payment.  The Settlement also enables Class Members to recover money without the delay of protracted litigation.

The Parties' attorneys negotiated the Settlement after more than four years of litigation, enabling each side to understand the risks of proceeding with adversarial litigation.  The Settlement was entered into following significant investigation, discovery, and motion practice. Class Counsel believes that the Settlement is fair and serves the best interests of the Class Members.  The Federal Judge overseeing the Lawsuit has "preliminarily approved" the Settlement as fair.  The Federal Judge will make the final decision regarding the fairness of the Settlement at the Fairness Hearing described in Section 7 below.

## 3. What does the Settlement provide and how much will I be paid?

Under the Settlement, Santander has agreed to pay a Settlement Fund of four million, two-hundred fifty thousand dollars ($4,250,000) to resolve all claims asserted in the Lawsuit.  Your "Individual Settlement Payment" will be calculated based upon the settlement formula stated in the Settlement Agreement on file with the Court.  The Settlement Agreement is available on Class Counsel's website at www.santanderbanklawsuit.com.  In short, the Settlement Agreement provides a formula where each Class Member will receive an amount which will be pro-rated based on the number of weeks each Class Member worked for Santander as a BOM during the Class Period.

After litigation and administrative costs, attorney's fees, and service payments are subtracted from the Settlement Fund, the remaining fund (the "Net Fund") will be distributed to all Class Members who do not opt out of the Settlement.  Class Members will receive a payment from the Settlement Fund.

Class Members will receive 50% of their Individual Settlement Payment as wages which will be reported on an IRS Form W-2, subject to all ordinary payroll taxes and withholdings.  The remaining amount will constitute non-wage compensation and is to provide compensation for allegedly unlawful wage advances, unlawful deductions, and liquidated damages. This portion will not be subject to withholdings, and will be reported on an IRS Form 1099.

At the Fairness Hearing, Class Counsel will apply to receive up to one-third of the Total Settlement (equivalent to $1,416,666) for the services they provided. Class Counsel will also seek to recover its out-of-pocket expenses incurred in the Lawsuit. This amount will be requested based on the substantial work Class Counsel performed in the Lawsuit and the risk Class Counsel took in bringing the Lawsuit.  Class Counsel has conducted an extensive investigation in prosecuting the Lawsuit, including, but not

2

limited to: filing the lawsuit, fronting all litigation costs, taking depositions, engaging in significant adversarial motion practice, reviewing thousands of documents and electronic datapoints, interviewing employees, propounding discovery, answering discovery, and attending two mediation sessions.

At the Fairness Hearing, Named Plaintiff Crystal Sanchez, who was the individual who first sought legal counsel for these claims and filed the Lawsuit, will request a service fee in the amount of $10,000.  The remaining Named Plaintiffs, Rabia Ahmed, Andrea Blanchard, Pearl Monteiro, Shaunsey Jackson, Michelle Romano, Joni Henderson, and Peter Sano, who each represent a distinct state law class, will each seek services fees of $5,000.  The service fees are requested because these individuals provided service to the Settlement Class by helping Class Counsel formulate claims and by assisting in bringing the Lawsuit forward despite no obligation to do so.  The Service Payments are separate from, and in addition to, the portion of the Settlement Fund that Named Plaintiffs may receive as a member of the Settlement Class.  The Service Payments requested total $45,000.

### 4. How can I receive my payment?

You do not need to take any further action to receive a payment.  If you move prior to receiving a check, you should contact the Claims Administrator at (xxx) xxx-xxxx to notify the Claims Administrator of your new address.  You may also provide change of address information via facsimile to (xxx) xxx-xxxx or by e-mail to somone@tpa.com

The parties anticipate that the settlement checks will be issued in the ____ Quarter of 2022.

### 5.  What am I giving up as a Class member?

If the Federal Court grants final approval of the Settlement, the Federal Court will enter judgment consistent with the terms of the Settlement.

Upon the Court's Order Entering Final Approval you will waive, release, and forever discharge wage and hour claims against Santander, whether such claims are based under the FLSA or state wage and hour laws, based on the allegations in the complaint, that accrued while you worked for Santander as a BOM during the Class Period. These claims include any claims for non-payment or improper payment of overtime compensation under any federal, state, or local law or regulation or common law, including but not limited to claims under the federal Fair Labor Standards Act and the wage and hour laws of, New Jersey, Connecticut, Massachusetts, New Hampshire, Pennsylvania, Rhode Island and/or New York relating to your employment at Santander as BOM.  This includes claims for liquidated damages, attorneys' fees, costs, and expenses.

### 6. How do I exclude myself (opt-out) from this Settlement?

You will release your legal claims, as described in Section 5 above, unless you affirmatively exclude yourself from the Settlement. If you exclude yourself, you will not receive any money in this Settlement, you will not release or waive any legal claims, and you will preserve your right to sue Santander on your own for alleged violations of law.

To exclude yourself from the Settlement, you must mail a written request to opt-out of the settlement to [TPA ADDRESS], or you may send your request via facsimile to (xxx) xxx-xxxx or by e-mail to somone@tpa.com.  Your request for exclusion must be postmarked or submitted on or before [30 days from mailing date] to be valid.  To be valid, the Request for Exclusion from Class Settlement form must be signed and dated by you, and must include the name of the case.  You should also provide your phone number on the request in case the Claims Administrator needs to contact you.

## 7. Final Approval of Settlement at Fairness Hearing

The Federal Judge presiding over this Lawsuit will conduct a Final Fairness Hearing at [TIME] on [date] in Courtroom [] of the United States Courthouse, 402 East State Street, Trenton, NJ 08608. At the Fairness Hearing, the Judge will decide whether the Settlement is sufficiently fair and reasonable to warrant final court approval. You are not required or expected to attend the Fairness Hearing. However, you are welcome to attend at your own expense. If you plan on attending, please contact Class Counsel so that the Court can be notified to ensure that there is enough space and time allotted for you.

## 8. How do I object to the Settlement?

If you believe the proposed Settlement is unfair or inadequate in any respect, you may object to the Settlement, either personally or through an attorney at your own expense, by filing a written objection with the Court and mailing a copy of your written objection to [TPA ADDRESS], or you may send your objection via facsimile to (xxx) xxx-xxxx or by e-mail to [TPA email address]. In order to object to the Settlement, you must remain a class member and may not opt-out from the Settlement.

All objection(s) to any part of the Settlement must be signed by you or your counsel and set forth your address, telephone number, and the name of the Action: *Crystal Sanchez, et al. v. Santander Bank, N.A.* (Case No. 3:17-cv-05775). All objections must be postmarked or submitted no later than **[**30 Days from Mailing**]**. If you submit a timely objection, you may appear, either personally or through an attorney, at your own expense, at the Final Approval Hearing discussed above. Your objection should clearly explain why you object to the proposed Settlement and must state whether you or someone on your behalf intends to appear at the Final Approval Hearing. If you object to the Settlement, Class Counsel will not represent you in your objection.

Any class member who does not object in the manner described above shall be deemed to have waived any objections, and shall forever be foreclosed from objecting to the fairness and adequacy of the proposed Settlement, the payment of attorneys' fees, service payments, and litigation costs, the claims process, and any and all other aspects of the Settlement.

Likewise, if the Court overrules your objection and approves the settlement, you will be deemed to have released all the Released Claims against Santander and you will be subject to the Release contained in the Settlement Agreement, as explained in Section 5 above, unless you properly request exclusion from the Settlement. The exclusion procedures are set forth in Section 6, above. Please note that if you exclude yourself from the Settlement by following the procedures set forth in Section 6 above, you will not have standing to object to the Settlement and the Court will not consider your objection at the Final Fairness Hearing.

## 10. Are there more details about the Settlement? Questions?

Yes. This Notice summarizes the most important aspects of the Settlement. You can get a copy of the written Settlement Agreement and obtain further information regarding the Lawsuit and the Settlement by calling Class Counsel or visiting www.santanderbanklawsuit.com. Class Counsel's contact information is listed below. You will not be charged any money for communicating with Class Counsel.

## 11. Do I have an attorney in this case?

Mashel Law, LLC and Swartz Swidler, LLC, represent the interests of Class Members in the Lawsuit. Class Counsel will represent you in the Lawsuit and can answer questions for you regarding the Lawsuit and the Settlement. Class Counsel's contact

4

information is below.  Class Counsel will be paid out of the class-wide Settlement Fund. You also have the right to get your own attorney at your own expense, in which case Class Counsel will not represent you in the Lawsuit or Settlement.  If you object to the Settlement, Class Counsel will not represent you in your objections.

| | |
|---|---|
| Justin L. Swidler, Esq. | Website: http://www.swartz-legal.com |
| Richard S. Swartz, Esq. | Phone: (856) 685-7420 |
| Swartz Swidler, LLC | Fax: (856) 685-7417 |
| 1101 Kings Hwy N., Ste. 402 | Toll Free: (877) 529-9501 |
| Cherry Hill, NJ 08034 | E-mail: jswidler@swartz-legal.com |
| | |
| Stephan T. Mashel, Esq. | Website: http://www.mashellawllc.com |
| Amy C. Blanchfield, Esq. | Phone: (732) 536-6161 |
| 500 Campus Drive, Ste. 303 | Fax: (732) 536-6165 |
| Morganville, NJ 07751 | E-mail: smashel@mashellaw.com |
| | ablanchfield@mashellaw.com |