# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRYSTAL SANCHEZ, *et al.*,<br><br>   Plaintiffs,<br><br>   *v.*<br><br>SANTANDER BANK. N.A., *et al.*<br><br>   Defendants. | Civil Action No.: 3:17-cv-05775-PGS-DEA<br><br>Returnable: May 11, 2020 |

### PLAINTIFFS' UNOPPOSED MOTION TO SEVER COUNTS XI-XVI OF THE THIRD AMENDED COMPLAINT FROM THIS ACTION

Plaintiffs, by and through undersigned counsel, and with consent of Defendants, hereby request the Court to enter an Order, pursuant to Fed. R. Civ. P. 21, severing Counts XI-XVI of the Third Amended Complaint for all purposes, including trial and judgment. In support of this Motion, Plaintiff shows as follows:

1. Plaintiffs' Third Amended Complaint (ECF 214) (the "Complaint") pleads sixteen causes of action.

2. The first ten causes of action (the "Class Claims") allege violations of federal and state wage and hour laws alleging generally that Defendant's non-exempt hourly Branch Operations Managers regularly worked off-the-clock without pay and were not paid overtime at 1.5 times their regular hourly rate for such work, as required by law. The first 10 claims are pled as class and/or collective claims. *Id.* at pp. 1-55.

3. The remaining six counts of the Complaint assert violations of New Jersey employment law and common-law alleging that Defendant unlawfully discriminated and retaliated against Plaintiff Sanchez and unlawfully constructively terminated her employment. These six

counts are factually distinct from the Class Claims and seek damages only for Plaintiff Sanchez and no other individual. *Id.* at pp. 56-70.

4. On January 28, 2022, Plaintiffs filed their unopposed motion for preliminary approval of the class-wide settlement. (ECF 216). The Court granted Plaintiffs' Motion on February 23, 2022 and scheduled the Final Approval Hearing for June 21, 2022. (ECF 223).

5. The Preliminarily Approved Settlement will resolve Counts I-X of the Third Amended Complaint on a class-wide basis and will seek the Court enter a final judgment approving the class-wide settlement. Settlement Agreement, § 1.18 (ECF 216-3). The Preliminarily Approved Settlement does not resolve Plaintiff Sanchez's individual claims, pled as counts XI-XVI of the Third Amended Complaint.

6. The Preliminarily Approved Settlement does not permit payment to class members until the time to appeal the Final Approval Order has lapsed (or until such appeals are resolved in favor of approving the settlement).

7. Because a final judgment requires all claims to be resolved, Plaintiff Sanchez seeks to sever her Individual Claims from the Class Claims so that the Court may enter a final judgment as to the Class Claims following final approval, without waiting for her Individual Claims to resolve.

8. Rule 21 of the Federal Rules of Civil Procedure provides that a court may "sever any claim against a party." Fed. R. Civ. P. 21. "The decision to sever a claim or to try it separately is left to the discretion of the trial court." *Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pennsylvania, Inc.*, 49 F. Supp. 2d 709, 721 (D.N.J. 1999). "[T]he Rule may … be invoked to prevent prejudice or promote judicial efficiency." *Lopez v. City of Irvington*, No. CIV.A.05-5323(JAG), 2008 WL 565776, at *2 (D.N.J. Feb. 28, 2008). Whether severance is

warranted requires balancing of several considerations, including the convenience of the parties, avoidance of prejudice to either party, and promotion of the expeditious resolution of the litigation. In balancing such consideration, courts consider factors including whether the issues sought to be tried separately are significantly different from one another, whether the separable issues require the testimony of different witnesses and different documentary proof, and whether the party opposing the severance will be prejudiced if it is granted. *Off. Official Comm. of Unsecured Creditors v. Shapiro*, 190 F.R.D. 352, 355 (E.D. Pa. 2000) (internal citations omitted).

9. Here, all factors weigh in favor of severance. Severing the Class Claims from the Individual Claims will promote judicial efficiency by permitting the Court to enter final judgment on the Class Claims without delay as contemplated by the Parties' Settlement Agreement. Moreover, the Individual Claims are distinct from the Class Claims and have been specifically differentiated in the Parties' Settlement Agreement and the Release of Claims. Finally, Defendants are not prejudiced by severance and have consented to this request.

10. Thus, Plaintiffs respectfully request the Court enter the attached Order severing Counts I-X of the Third Amended Complaint from Counts XI-XVI.

Plaintiffs thank the Court for its consideration to this request.

Respectfully submitted,

| | |
|---|---|
| */s/ Justin L. Swidler* | Stephan T. Mashel, Esq. |
| Justin L. Swidler, Esq. | Amy C. Blanchfield, Esq. |
| **SWARTZ SWIDLER, LLC** | **MASHEL LAW, LLC** |
| 1101 Kings Hwy N, Ste. 402 | 500 Campus Drive, Ste. 303 |
| Cherry Hill, NJ 08034 | Morganville, NJ 07751 |
| Phone: (856) 685-7420 | Phone: (732) 536-6161 |
| Fax: (856) 685-7417 | Fax: (732) 536-6165 |
| jswidler@swartz-legal.com | smashel@mashellaw.com |

March 30, 2022